

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-24-2008

# Henry v. Phila Adult

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-3863

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Henry v. Phila Adult" (2008). *2008 Decisions.* Paper 330.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/330

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NON-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 07-3863

NORMA K. HENRY, EXECUTOR OF THE ESTATE OF PATRICIA
STALLWORTH AND EXECUTOR OF THE ESTATE OF PATRICIA HENRY;
FRANKLIN COFER, EXECUTOR OF THE ESTATE OF JAMES LEE COFER,

Appellants

v.

PHILADELPHIA ADULT PROBATION AND PAROLE;
CITY OF PHILADELPHIA; BI CORPORATION

_____

On Appeal from the United States District Court for the
Eastern District of Pennsylvania
District Court No. 05-CV-04809
District Judge: The Honorable Jan E. Dubois

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 20, 2008

Before: SMITH, COWEN, *Circuit Judges* and THOMPSON, *District Judge**

(Filed: October 24, 2008)

_____

OPINION

_____

---

* The Honorable Anne E. Thompson, Senior United States District Judge for the
District Court of New Jersey, sitting by designation.

1

SMITH, *Circuit Judge*.

On July 16, 2003, Sean Brown was convicted of attempted burglary and retail theft, and was sentenced to house arrest for a period of six to twenty-three months. On August 21, 2003, Brown was confined to his grandmother's house for his house arrest, and the Philadelphia Adult Probation and Parole Department ("PAPPD")[1] attached an electronic monitoring device to his person. On August 26, 2003, the electronic monitoring device sent a signal to PAPPD that Brown had left the area of his house arrest. The following day, PAPPD contacted Jim Telese, Brown's Probation Officer, regarding the signal. On August 29, 2007, Officer Telese sent officers from the Warrant Unit to Brown's residence, but they were unable to find Brown. At that time, Brown's grandmother informed the Warrant Unit that Brown "was going on the run."

On September 2, 2003, Officer Telese initiated the "Wanted Card" process for Brown, which meant that Brown's information and wanted status were entered into the Philadelphia Crime Information Center and the National Crime Information Center computer systems. Neither PAPPD nor Officer Telese alerted the Philadelphia Police Department ("the Police Department") of Brown's escape. On September 23, 2003, Brown raped and murdered fifteen-year-old Patricia Stallworth and her mother, Patricia Henry, and murdered James Cofer. The Police Department arrested Brown on October 7,

---

[1] PAPPD is an arm of the Commonwealth of Pennsylvania and not the City of Philadelphia. *See Benn v. First Judicial Dist.*, 426 F.3d 233, 235, 240 (3d. Cir. 2005). The Eleventh Amendment would have barred any claims on appeal against the PAPPD.

2

2003.

On September 9, 2007, the United States District Court for the Eastern District of Pennsylvania granted Summary Judgment for the defendants PAPPD, BI, Inc., and the City of Philadelphia ("the City"). The executors of the decedents' estates appealed the order as to all of the defendants.[2] The only issue that the executors argue on appeal, however, is whether the District Court erred in granting Summary Judgment for the City on the executors' 42 U.S.C. § 1983 claim. Accordingly, this is the only issue before this Court. We exercise plenary review of the District Court's grant of Summary Judgment. *Bushman v. Halm*, 798 F.2d 651, 656 (3d Cir. 1986). Because we find that this case is controlled by *Bright v. Westmoreland County*, 443 F.3d 276 (3d Cir. 2006), we will affirm the judgment of the District Court.

The executors argue that the City violated their substantive Due Process Clause rights by failing to apprehend Brown before he committed these reprehensible crimes. The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment does not "impose an affirmative obligation on the State" to protect "the life, liberty, and property [interests] of its citizens against invasion by private actors." *Deshaney v. Winnebago County Dep't. of Soc. Serv.*, 489 U.S. 189, 195 (1989). Interpreting *Deshaney*, this Court has held that states cannot violate the Due Process Clause "by

---

[2] The District Court exercised jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367(a). We exercise appellate jurisdiction pursuant to 28 U.S.C. § 1291.

3

failing to more expeditiously seek someone's detention . . . or by taking note of a probation violation without taking steps to promptly secure the revocation of the probationer's probation." *Bright*, 443 F.3d at 283–84. The facts of the present case are indistinguishable from our holding in *Bright*. Brown, who was undeniably a private actor, was the one who took the decedents' lives. Setting aside the fact that PAPPD never notified the Police Department of Brown's escape, the City's delay in apprehending Brown did not give rise to a substantive Due Process Clause violation.

For the reasons articulated above, we will affirm the judgment of the District Court.